UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHY LYNN TORRES,

        Plaintiff,                Civil Action No. 17-cv-13039

        v.                            District Judge Thomas L. Ludington

COMMISSIONER OF               Magistrate Judge Mona K. Majzoub
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Kathy Lynn Torres seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that she is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 13) and Defendant's Motion for Summary Judgment (docket no. 18). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 2.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.**        **RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 13) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 18) be **GRANTED**, and that the case be dismissed in its entirety.

## II. PROCEDURAL HISTORY

On March 4, 2014, Plaintiff applied for Disability Insurance Benefits ("DIB"), alleging that she has been disabled since November 3, 2012. (TR 11.) The Social Security Administration initially denied Plaintiff's claims on November 7, 2014. (*Id*.) On March 24, 2016, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge (ALJ) Ena Weathers. (TR 28-50.) On May 25, 2016, the ALJ issued an unfavorable decision on Plaintiff's claims. (TR 8-21.) Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on July 20, 2017. (TR 1-3.) On August 22, 2017, Plaintiff commenced this action for judicial review. (Docket no. 1.) The parties filed cross motions for summary judgment, which are currently before the Court. (Docket no. 13; docket no. 18.)

## III. HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of her medical issues. (Docket no. 13, pp. 5-9.) In addition, the ALJ summarized Plaintiff's medical record (TR 13-20), and Defendant adopted the ALJ's recitation of the facts (docket no. 18, p. 4). Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record. Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also refer to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

## IV. ADMINISTRATIVE LAW JUDGE'S DETERMINATION

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2014, and that Plaintiff did not engage in substantial gainful

activity since November 3, 2012, the alleged onset date. (TR 13.) The ALJ found that Plaintiff had the following severe impairments: "osteoarthritis of the lumbar and cervical spine; degenerative disc disease of the lumbar spine; status post anterior cervical decompression and fusion surgery; status post open reduction internal fixation of left distal radial fracture; and vertigo." (*Id*.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 14.) The ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with the following limitations:

- Plaintiff is unable to climb ladders, ropes or scaffolds;

- Plaintiff can occasionally stoop, can perform frequent kneeling, crouching, crawling, climbing of ramps and stairs, and can occasionally overhead reach bilaterally;

- Plaintiff must avoid all exposure to hazards including moving machinery and work at unprotected heights;

- Plaintiff can perform frequent fine fingering and handling bilaterally;

- Plaintiff must have an ability to change from a standing to seated position or vice versa for one to two minutes every hour to two hours without interference with work product.

(TR 15.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that a person with Plaintiff's RFC could perform the requirements of Plaintiff's past relevant work as an Auto Dealer Cashier, Secretary and Verbatim Hearing Reporter. (TR 20-21.) Accordingly, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time between the alleged onset date and the date of the decision. (TR 21.)

## V. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where

the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

**C.     Analysis**

Plaintiff contends that the ALJ erred in two respects. First, Plaintiff asserts that no substantial evidence supports the ALJ's determination that she has the capacity to perform frequent fine fingering and handling. (Docket no. 13, pp. 11-16.) Second, Plaintiff alleges that the ALJ failed to account for the side effects of her pain medications. (*Id.* at 17-21.) The undersigned will address these arguments in turn below.

*1.  Manipulative Limitation*

Plaintiff contends that the ALJ erred by determining she has the capacity to perform frequent fine fingering and handling. (*Id.* at 11-16.) In support, Plaintiff refers to treatment records describing pain and numbness in her hands due to cervical radiculopathy and a surgically repaired left-wrist fracture. (*Id.*)

The ALJ acknowledged Plaintiff's complaints of "electrical shooting pain" in her hands and arms, but determined that the medical record "supports the reduced light residual functional capacity assessed in this decision." (TR 16.) In reaching this conclusion, the ALJ gave little weight to Dr. Michael Oostendorp's opinion that Plaintiff was disabled. (TR 19.) The ALJ also gave little weight to the opinion of Kristi Tesarz, PA-C, that Plaintiff had "significant limitations with reaching, handling or fingering." (TR 20.) Plaintiff contends that no substantial evidence supports ALJ's refusal to adopt the limitations proposed by Dr. Oostendorp and Ms. Tesarz. (Docket no. 13, pp. 11-16.)

In support of her decision to give little weight to the opinions of Dr. Oostendorp and Ms. Tesarz, the ALJ highlighted "physical examinations indicating . . . normal strength, full range of motion, and intact sensation." (TR 20.) In particular, the ALJ referred to the record of a neurologic examination conducted on July 19, 2014, which stated that Plaintiff had "[n]ormal

6

strength, sensation and reflexes throughout." (TR 575.) In addition, the ALJ observed that on August 29, 2014, Plaintiff was diagnosed with cervical radiculopathy but displayed normal strength in her upper extremities. (TR 373.) Similarly, during a "brief neurological exam" on June 13, 2014, Plaintiff demonstrated "essentially normal strength, symmetrical hyper-reflexia and normal sensation." (TR 349.) Moreover, the ALJ gave partial weight to the opinion of state-agency consultant Dr. Quan Nguyen, who proposed no limitations on Plaintiff's ability to handle, finger and feel. (TR 74.) These records constitute substantial evidence in support of the ALJ's determination that Plaintiff can perform frequent fingering and handling.

As Plaintiff notes, the record also contains evidence that would support more extensive manipulative limitations. An EMG conducted on June 13, 2014 revealed "electrodiagnostic evidence of a mild right cervical radiculopathy, predominately involving [the] right C7 nerve root." (TR 349.) In addition, several records recount Plaintiff's complaints of "persistent numbness and tingling of both upper extremit[ies]" (*id.*), "[s]ensory disturbances [and] numbness on [the] left arm" (TR 311), and "intermittent to daily lightening [*sic*] pains in [her] arms and hands which cause her to drop objects" (TR 409). However, the "substantial evidence" standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *See Mullen*, 800 F.2d at 545. Accordingly, evidence that could support additional limitations does not render the RFC defective.

    2. *Medication Side Effects*

Second, Plaintiff asserts that the ALJ failed to consider the side effects of her pain medications. (Docket no. 13, p. 17.) In support, Plaintiff refers to Ms. Tesarz's opinion of June 11, 2015, which notes that Plaintiff takes "Norco, Valium, Mobic, and Neurontin" which can

7

cause side effects of "drowsiness" and "fatigue." (TR 412.) Similarly, Ms. Tesarz noted that these medications "can all cause drowsiness [and] dizziness." (TR 414.)

The ALJ acknowledged Plaintiff's reported side effects, but concluded that "the medical records, such as office treatment notes, do not corroborate those allegations." (TR 18.) Plaintiff takes issue with the ALJ's "one sentence analysis" of a "750+ page record." (Docket no. 13, p. 18). However, Plaintiff fails to direct the Court to any particular medical records that document her reported side effects. Plaintiff instead refers to her own testimony, as well as Ms. Tesarz's generic description of the side-effects associated with Plaintiff's medications. (*Id.* at 19.) The ALJ reasonably concluded that the absence of medical documentation undercuts Plaintiff's testimony regarding the side effects of her medication.

Moreover, notwithstanding Plaintiff's assertion that it is not "rocket science" that "taking a significant amount of cognitive-altering medications on a daily basis" causes side effects, the record contains no medical evidence regarding the particular functional limitations caused by Plaintiff's "drowsiness," "dizziness," and/or "fatigue." A "symptom" is not a "medically determinable physical or mental impairment" and no symptom by itself can establish the existence of such an impairment. *Titles II & XVI: Symptoms, Medically Determinable Physical & Mental Impairments, & Exertional & Nonexertional Limitations*, SSR 96-4p (S.S.A. 1996).

## VI.  CONCLUSION

For the reasons stated herein, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 13) be **DENIED**, that Defendant's Motion for Summary Judgment (docket no. 18) be **GRANTED**, and that the case be dismissed in its entirety.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: June 27, 2018      s/ Mona K. Majzoub
                          MONA K. MAJZOUB
                          UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: June 27, 2018      s/Leanne Hosking
                          Case Manager

9